UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-422-MOC-DSC

| | |
|---|---|
| JAMES A. ADAMS, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| BUCKEYE FIRE EQUIPMENT CO., | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a Claim by Defendant Buckeye Fire Equipment Company. (Doc. No. 4).

I.     **BACKGROUND AND DISCUSSION**

Plaintiff James A. Adams was employed as a Line Worker at Defendant's Kings Mountain Plant from July 2018 until May 2019. On April 17, 2019, Plaintiff fractured his hand in a non-work-related incident. The next day, Plaintiff informed his supervisor of his injury. Plaintiff's supervisor informed Plaintiff that he could not work with a broken hand and would need to take time off while he was healing. Plaintiff then spoke with Defendant's human resources manager, who informed Plaintiff he was eligible for FMLA and provided him paperwork to take leave under the FMLA and to request short-term disability benefits.

Plaintiff relied on Defendant's representations that he was eligible for FMLA leave. On April 22, 2019, Plaintiff presented his physician with the FMLA paperwork, and on April 29, 2019, Plaintiff's physician returned the completed FMLA paperwork to Defendant. On May 9, 2019, Defendant informed Plaintiff that it was processing Plaintiff's FMLA paperwork. On May

1

17, 2019, Plaintiff learned that he had been terminated for absenteeism.

Plaintiff filed this action on August 27, 2019, alleging that Defendant interfered with his rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA"), and retaliated against his attempted exercise of his FMLA rights. (Doc. No. 1). On November 15, 2019, Defendant filed the pending motion to dismiss, arguing that Plaintiff's claims fail because he was not an eligible employee under the FMLA. (Doc. No. 4). Specifically, Defendant argues that Plaintiff is not an eligible employee because his employment began less than twelve months before he requested FMLA leave. Defendant also argues that Plaintiff cannot rely on an estoppel theory as to his FMLA claims.

On December 12, 2019, Plaintiff filed a response opposing the motion to dismiss, arguing that Plaintiff has properly alleged a legal and factual basis for his claim under the FMLA and that Defendant should be equitably estopped from asserting the defense that Plaintiff is not an "eligible employee" under the FMLA. (Doc. No. 8). Specifically, Plaintiff contends that he relied on Defendant's assertions that he was eligible for leave under the FMLA. Defendant did not file a Reply, and the time to do so has passed. Thus, this matter is ripe for disposition.

The Court will deny the motion to dismiss at this time and hold it under consideration pending further development of the record and summary judgment motions.

## II. CONCLUSION

Defendant's motion to dismiss is denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim, (Doc. No. 4), is **DENIED**.

Signed: December 30, 2019

Max O. Cogburn Jr
United States District Judge