IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CV-422-MOC-DSC

| | |
|---|---|
| JAMES ADAMS, | ) |
| Plaintiff, | ) |
| v. | ) **CONSENT PROTECTIVE ORDER** |
| BUCKEYE FIRE EQUIPMENT COMPANY, | ) |
| Defendant. | ) |

WHEREAS, it is hereby STIPULATED and AGREED between Plaintiff James Adams, and Defendant Buckeye Fire Equipment Company (collectively "the Consenting Parties"), and it is hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of Confidential Information and documents produced by the Consenting Parties in the above-captioned matter ("this Litigation"):

1. **Scope.** All documents and data, including electronically stored information, produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery shall be subject to this Consent Protective Order (the "Protective Order").

2. **Purpose.** All documents, data, and information obtained through discovery in this Litigation shall be used only for the purposes of prosecuting or defending this Litigation.

3. **"Confidential Information" Defined.** "Confidential Information" shall mean any and all information produced in the course of discovery or trial that a party deems in good faith to contain medical, banking, tax, or other sensitive financial information, any trade secrets of any party or of a third party, or any contracts with third-parties that may contain confidential

information or be subject to non-disclosure obligations. The parties may mutually agree to designate other documents or information as "Confidential Information" that is not otherwise defined herein and such stipulated designation shall be effective to protect such information under this Order. If the parties cannot mutually agree that certain additional information or documentation be designated as "Confidential Information," the party requesting the designation may promptly move the Court to amend or extend the protections of this order to cover said information or documentation. Prior to or while such motion is pending the party requesting the designation shall produce the subject documentation or information to counsel for the opposing party who shall treat the same as "Confidential Information" under this Order until the Court rules on any such motion.

    4.    **Access to Confidential Information.** Access to documents and information designated as CONFIDENTIAL shall be restricted to the following persons:

    (a)    parties to this Litigation and the officers and employees of the parties who are directly participating in the prosecution or defense of this Litigation;

    (b)    law firms of record of the parties to this Litigation and such firms' attorneys and staff;

    (c)    any person specially employed or engaged in this Litigation by a party or its attorneys as an expert, consultant, or vendor;

    (d)    the Court and its personnel;

    (e)    court reporters and videographers retained to transcribe or record depositions and court proceedings in this matter;

    (f)    private arbitrators and mediators;

2

Case 3:19-cv-00422-MOC-DSC   Document 16   Filed 10/14/20   Page 2 of 10

(g) any person who is indicated on the face of a document to have been an author, addressee, or recipient of the document, or the source of the information; and

(h) any other person as agreed upon by the parties to this action in writing or authorized by the Court.

5. **Exhibit A to Protective Order**. Persons identified in paragraphs 5(c) and 5(h) above shall be provided Documents designated CONFIDENTIAL under this Protective Order only after they have agreed in writing to be bound by the terms of the Protective Order, in the form attached as "**Exhibit A**."

6. **Form and Timing of Designation.** The Consenting Parties shall designate the whole or part of any documents as Confidential Information by stamping or imprinting the words CONFIDENTIAL upon every page of the produced copies of the document at the time of production. Such designations shall be utilized in good faith and only in accordance with the definition of Confidential Information and as described herein.

7. **Documents Produced by Non-Parties.** In the case of documents produced by non-parties pursuant to subpoena, a party wishing to designate such material as CONFIDENTIAL shall so notify counsel for all other parties, in writing. If the party wishing to designate such material as CONFIDENTIAL is the party who served the subpoena, then counsel for that party shall make such designation promptly upon receipt of the subpoenaed material and shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including the material designated as CONFIDENTIAL). Counsel for any other party wishing to designate such material as CONFIDENTIAL shall be allowed to examine the subpoenaed material promptly upon receipt by counsel for the subpoenaing party and shall be allowed to designate any such

material as CONFIDENTIAL prior to the release of the subpoenaed material to any person or party. Upon such designation, counsel for the subpoenaing party shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including that material designated as CONFIDENTIAL).

8. **Inadvertent Production.** Inadvertent or unintentional production of documents without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of the right to designate documents. In the event that the producing person inadvertently fails to designate discovery material as CONFIDENTIAL, it may make such a designation subsequently by notifying all parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the Consenting Party to whom production has been made shall treat the designated discovery material as Confidential subject to its right to dispute such designation in accordance with Paragraph 13 below.

9. **Effect on Attorney-Client Privilege and Work Product Immunity.** Inadvertent production of documents subject to work product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of the inadvertent production, promptly notify the receiving party in writing of such inadvertent production. Upon notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy

4

them. Nothing in this provision shall prevent a party from challenging the applicability of the claimed privileged after such material has been returned.

10. **Depositions.** In the case of deposition testimony, CONFIDENTIAL designations may be made during the deposition and in any event shall be made within fourteen days after the final transcript has been received by counsel making the designation and shall specify the testimony being designated confidential by page and line number(s). The deposition testimony shall be treated as confidential until final designations are made within fourteen days after receipt of the final transcript.

11. **Protection of Confidential Information.** Documents designated CONFIDENTIAL under this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below for any purposes other than preparing for and conducting this Litigation in which the documents were disclosed (including any appeal).

12. **Filing and Use at Trial.** In the event a Consenting Party in this Litigation or a third-party wants to file with or submit to the Court any document designated as CONFIDENTIAL, that party shall first notify the designating party and attempt to reach an agreement regarding filing or redaction of the Confidential Information. If the Parties cannot reach an agreement as to presentation of the Confidential Information, the party shall file the information under seal pursuant to the procedures set forth in Rule 5.2 of the Federal Rules of Civil Procedure. Prior to the trial of this Litigation, counsel for the parties shall consult with each other and the Court to define appropriate measures to protect confidentiality of documents and information designated as CONFIDENTIAL at trial.

13. **Challenges to Designation as Confidential Information.** In the event counsel for the party receiving materials designated as CONFIDENTIAL objects to the designation, said

5

counsel shall advise the party producing the materials, in writing, preferably by electronic mail, of such objection and the reasons therefore.  Pending resolution of the dispute, all of the materials shall be treated as designated.  Counsel will attempt to resolve the dispute within five business days.  If the dispute cannot be resolved among counsel, the party objecting to the designation of a document as CONFIDENTIAL may submit a motion objecting to such designation with the Court.  The burden to sustain the designation of CONFIDENTIAL is upon the designating party.

14. **Scope of Discovery.**  This Protective Order shall not enlarge or affect the proper scope of discovery in this Litigation or any other litigation, nor shall this Protective Order imply that discovery material designated as CONFIDENTIAL under the terms of this Protective Order is properly discoverable, relevant, or admissible in this Litigation or any other litigation.

15. **Treatment on Conclusion of Litigation.**  The terms of this Protective Order shall survive and remain in effect after the termination of this Litigation.  The Consenting Parties shall take such measures as are necessary to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of this Litigation.  The ultimate disposition of Confidential materials pursuant to this Order is subject to a final order of the Court on the completion of the litigation.

16. **Order Subject to Modification.**  This Protective Order shall be subject to modification on motion of any Consenting Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order.  The Protective Order shall not, however, be modified until the Consenting Parties shall have been given notice and an opportunity to be heard on the modification.

17. **No Judicial Determination.**  This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing

in this Protective Order shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL is subject to protection until such time as a document-specific ruling shall have been made.

18. **Persons Bound.** This Protective Order shall take effect when signed and filed by counsel for the parties and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

**SO ORDERED**.

Signed: October 14, 2020

David S. Cayer
United States Magistrate Judge

WE CONSENT:

/s/ Joseph E. Hjelt
Joseph E. Hjelt
N.C. Bar No. 53497
Kornbluth Ginsberg Law Group, P.A.
3400 Croasdaile Drive, Suite 300
Durham, North Carolina 27705
Telephone: 919-401-4100
Facsimile: 919-401-4104
E-mail: jhelt@kglawnc.com

*Counsel for Plaintiff*

/s/ Marshall P. Walker
Marshall P. Walker
N.C. Bar No. 45040
Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.
P.O. Box 2636
Gastonia, North Carolina 28053
(704) 865-4400
E-mail: mwalker@gastonlegal.com

*Counsel for Defendant*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-CV-422

| | |
|---|---|
| JAMES ADAMS, | ) |
|           Plaintiff, | ) |
| v. | ) |
| BUCKEYE FIRE EQUIPMENT COMPANY, | ) |
|           Defendant. | ) |

## ACKNOWLEDGMENT OF CONSENT PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION

I, _____, hereby affirm that:

1. Information, including documents and things designated as CONFIDENTIAL as defined in the Consent Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. As a prior condition to me being permitted to receive, see, or review any Confidential Information, I have been given a copy of the aforementioned Protective Order, I have read it, and I agree to be bound by its terms.

3. I understand that the Protective Order is a Court Order that is legally binding upon me. I hereby agree to submit to the jurisdiction of the United States District Court for the Western District of North Carolina in Charlotte, North Carolina for enforcement of any claimed violation of the terms of the Protective Order or this Acknowledgement, and agree that such jurisdiction shall survive the termination of this action.

4. I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-referenced litigation and not to disclose such information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated such information CONFIDENTIAL or by Order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and its binding effect on them.

5. I understand that I am to retain all documents or materials designated as Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE